# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

FRANK REESE, JR. , #148155-112963,   :

    Plaintiff,   :

vs.   :   CIVIL ACTION 10-0452-KD-N

TREY OLIVER, et al.,   :

    Defendants.   :

## REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail ("Metro Jail") inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) this action be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**I. Complaint.** (Doc. 1).

In drafting the complaint plaintiff did not clearly present his claims in that he does not allege claims that are understandable in a legal sense due to the lack of information. Plaintiff sued his probation officer Carole Roberts, Detective Webster, and attorney Habib Yazdi. (Doc. 1 at 5). The following is what the Court discerns from his allegations. Plaintiff alleges:

> I . . . just want to know why I got 10 years in Mobile County Metro Jail and did 3 years and some month and still have 5 years [to serve]. Somebody need[s] to call Judge Robert H. Smith and let him know to drop that probation and get me a bus ticket to Kansas City MO before 10-14-10 and money to eat well. . . .

> [T]he[y] say[] the DA had a[n] old charge in grand-jury about 5 to 6 years old saying I sexually penetrate a minor I never went to court for.

(Id. at 4-5).

Based on other allegations, the Court gathers that plaintiff pled guilty to sexual abuse, first-degree, on September 17, 2008; began serving his sentence of ten years split with time served and five years of probation on September 17, 2008; and will complete serving his sentence on September 17, 2013. (Id. at 4, 6). When plaintiff appeared in court on August 5, 2010, he had already been in jail for three and half years. (Id. at 3).

Plaintiff alleges that defendant Webster let him sign out of "Mobile" on July 12, 2010 "as a sex-offen[der] to go [to] Kansas City MO. with probation." (Id. at 5). He states defendant Webster is being sued for the "mistake letting [plaintiff] sign out of Mobile." (Id.). Plaintiff asserts that defendant Roberts called "CW at . . . 816-474-9380" on July 27, 2010, advising that plaintiff needed to return to Mobile. (Id.). Plaintiff further maintains that he had already registered in Missouri as a sex-offender[1] and that there was no court order requiring him to return. (Id.). Plaintiff complains that due to defendant Roberts mistake, he spent over $300 for his return trip. (Id.). Plaintiff contends that defendant Yazdi needs "to stop lying about . . . this probation term, because [plaintiff] did 3 years and some months for 10 year sentence (jail)." (Id. at 6). Defendant Yazdi also told plaintiff that he would "fund [plaintiff] money to get [plaintiff] a place to stay [or] a bus ticket." (Id.). Plaintiff states that he "register[ed] in KC MO. Mobile to give a class C federal." (Id.).

---

[1] Subsequent to filing the complaint, plaintiff filed documentation indicating that he registered as a sex offender in Missouri. (Doc. 4). Along with these documents plaintiff filed a document showing a hearing was set for October 14, 2011 and bearing a notation by plaintiff that the hearing was on the new charge of "sex abuse again[st] same family." (Id. at 1).

For relief, plaintiff request "money for [him]to go back to Kansas City MO. $800." (Id. at 7). Plaintiff also made the statement that defendant Roberts "need[s] to drop [his] probation because [he is a] Missouri sex-offender." (Id. at 3). The Court notes that plaintiff is still being held at the Metro Jail.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w]

---
[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

3

that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

    **A. Claim Against Defendant Yazdi.**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); see Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). However, in a § 1983 action, criminal defense counsel, retained or court-appointed, does not act under color of state law in the absence of a conspiracy. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender); Slavin v. Curry, 574

F.2d 1256, 1264 (5th Cir.) (retained counsel), overruled on other grounds by Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979).[3]

In Polk County, a public defender paid by the state was sued under § 1983 by his former client, an indigent criminal defendant. The Supreme Court ruled that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." Id. at 318, 102 S.Ct. at 449. The Polk County Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Id. at 319, 102 S.Ct. at 450 (footnote omitted). The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law. Id. at 325, 102 S.Ct. at 453. Thus, the Court ruled that the § 1983 complaint must be dismissed against the public defender for lack of state action. Id.

In the present action, plaintiff does not allege that defendant Yazdi acted under color of state law. He merely identifies defendant Yazdi as an attorney and leaves it to the Court to deduce that defendant Yazdi was plaintiff's attorney. The Court takes judicial notice of the fact that defendant Yazdi is a criminal defense lawyer in the Mobile, Alabama area. See Blakely v. Johnston, CA 10-0026-CG-N, 2010 WL 4269186, at *5 (S.D. Ala. 2010); Ala. Legal Directory, p. 136 (2010). Assuming, without deciding, that defendant Yazdi was plaintiff's criminal defense lawyer, the Court finds that plaintiff has failed to state a claim under § 1983 against defendant Yazdi because criminal defense counsel, either court-appointed or retained, does not act under color of state law. Accordingly, plaintiff has failed to establish that defendant Yazdi

---

[3]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

acted under color of state law and, therefore, the claim against defendant Yazdi is due to be dismissed for failure to state a claim upon which relief can be granted.

**B. Claim Against Defendant Roberts.**

Plaintiff also alleges that defendant Roberts, his probation officer, ordered him to return to Alabama from Missouri where he had already registered as a sex offender. Plaintiff complains that no order existed requiring his return and the return trip cost him more than $300 for defendant Roberts' mistake. Plaintiff, however, is still Metro Jail as of this writing.

In order to state a claim plaintiff must plead a claim that is plausible. Twombly, 550 U.S. at 557, 127 S.Ct. at 1966. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 566 U.S. at ___, 129 S.Ct. at 1948. Plaintiff is required to show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 556). Taking plaintiff's specific factual allegations as true, the Court cannot construe these limited allegations against defendant Roberts as a claim of constitutional magnitude for several reasons. Id. at 1951 (conclusory allegations are not entitled to a presumption of truth).

Plaintiff described defendant Roberts' act as a mistake, which is similar to saying that defendant Roberts was negligent. Negligence, however, does not violate the Constitution. Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."). Even though negligence may be an accurate

characterization by plaintiff of this claim, the Court cannot determine this due to the lack of information. If, in fact, defendant Roberts was merely negligent, then plaintiff would not be entitled to recover on this claim.

Examining the allegations containing facts, these allegations reflect that plaintiff was on probation at the time defendant Roberts ordered him to return. Whether plaintiff violated his probation by leaving this area, by failing to report to his probation officer, or by being charged for another crime, the Court does not know because plaintiff did not advise that he was charged with one of these typical violations of probation. Cf. Thomas v. State, 10 So.3d 1090 (Ala. Crim. App. 2008) (failing to report to officer and to avoid criminal activity were grounds specified for revocation); Bazery v. State, 6 So.3d 559 (Ala. Crim. App. 2008) (failing to maintain suitable employment and committing two new offenses were grounds specified for revocation); Henderson v. State, 933 So.2d 395 (Ala. Crim. App. 2004) (leaving the jurisdiction when he was required to report for court reviews was a ground specified for revocation). Plaintiff simply alleges that defendant Roberts told him to return even though she did not have an order.

Because plaintiff was on probation as indicated by his allegations, defendant Roberts would still have supervision over him. ALA. CODE § 15-22-52 (listing some of the conditions of probation that a court may require, such as "report[ing] to the probation officer as directed"); ALA. CODE § 15-22-53 (listing the powers and duties of probation officers, such as "officer shall keep informed concerning the conduct and condition of each person on probation under his supervision"). However, plaintiff's failure to plead sufficient facts precludes plaintiff from pleading a plausible claim showing a violation of a constitutional right by defendant Roberts when she ordered him to return.

Nonetheless, even assuming a violation of a constitutional right did occur, the Court would only be able to address such a claim in this action if a favorable ruling on the claim would not undermine plaintiff's probation, conviction, or criminal sentence. Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). However, if a favorable ruling by the Court on this claim would undermine plaintiff's probation, conviction or criminal sentence, he could not proceed on his claim until his probation, conviction or criminal sentence is invalidated. Id. at 486-87, 114 S.Ct. at 2372;[4] see Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.) (applying the Heck decision to claims based on the revocation of pardons and paroles), cert. denied, 516 U.S. 851 (1995).

In the present action, plaintiff's allegations do not contain a claim against defendant Roberts that is plausible. That is, the allegations are insufficient to make out a claim of constitutional magnitude. The allegations of the complaint simply lack the "heft" under

---

[4] The decision in Heck provides:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. (footnotes omitted)

Id. at 486-87, 114 S.Ct. at 2372-73.

Twombly to carry plaintiff's claim from the possible to the plausible. Twombly, 550 U.S. at 557 (explaining that "Rule 8(a)(2) [requires] that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief"). Accordingly, plaintiff has failed to state a claim against defendant Roberts.

**C. Claim Against Defendant Webster.**

Plaintiff next alleges that defendant Webster made a mistake by letting plaintiff sign out the Metro Jail "as a sex-offen[der] to go Kansas City Mo. with probation[.]" Again, as with the other allegations, plaintiff has failed to provide sufficient information to state a claim that is plausible on its face. Defendant Webster's act is described as a mistake, which the Court construes to be a negligent act. However, as previously discussed, negligence does not violate the Constitution. Daniels, 474 U.S. at 328, 106 S.Ct. at 663. Negligence may be a good characterization of his claim, but the Court cannot determine this due to the lack of information.

Nevertheless, liberally construing this claim and assuming it was not a negligent act, the Court finds that the complaint does not have sufficient information that would state a plausible claim. Thus, plaintiff has failed to state a claim against defendant Webster.

In the alternative, the damages claim against defendant Webster is barred by 42 U.S.C. § 1997e(e). Section 1997e(e), which is entitled "Limitation on recovery," provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C § 1997e(e). This section prevents the recovery of compensatory and punitive damages by an inmate when no physical injury is alleged. Al-Amin v. Smith, 637 F.3d 1192, 1195-99 (11th Cir. 2011).

In the present action, plaintiff has requested money in the amount of $800.00 to return to Kansas. The Court deems this request as one for compensatory damages. Because plaintiff did not suffer a physical injury connected to his claims for compensatory damages, his damages claim against defendant Webster is without merit and is subject to dismissal under 42 U.S.C. § 1997e(e) for failure to state a claim upon which relief can be granted.

## IV. **Conclusion**.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 20th day of June, 2011.

/s/Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS <u>CONCERNING NEED FOR TRANSCRIPT</u>

1.**Objection**. Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).